# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Donte L. Hobbs,
    Petitioner,

vs.

Warden, Warren Correctional Institution,
    Respondent.

Case No. 1:09cv725
(Spiegel, S.J.; Hogan, M.J.)

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Doc. 1). This matter is before the Court on respondent's motion to dismiss filed April 1, 2010 (Doc. 9), which has not been opposed by petitioner.[1]

### Procedural Background

On May 5, 2003, the Hamilton County, Ohio, grand jury returned an indictment charging petitioner and a co-defendant with nine counts of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1), with firearm specifications. (Doc. 9, Ex. 1).[2] As the Ohio Court of Appeals, First Appellate District, found in affirming

---

[1] Petitioner did request an extension of time for filing a reply to the motion to dismiss, which was granted. (Docs. 13-14). In the order granting petitioner's request for an extension, a deadline date of June 22, 2010 was set for filing the reply brief. (*See* Doc. 14). To date, petitioner neither has attempted to file such a brief nor has requested an additional extension of time in which to reply to the motion to dismiss. The June 22, 2010 deadline has long since passed, and the matter is ripe for disposition.

[2] The indictment also contained a tenth count charging petitioner's co-defendant with an additional count of aggravated robbery with firearm specifications. (*See* Doc. 9, Ex. 1).

petitioner's conviction on direct appeal,[3] the charges arose when petitioner "and several co-defendants robbed a group of young men at gunpoint in the parking lot of the Corryville Kroger store in Cincinnati." (*Id.,* Ex. 10, p. 1).

The matter proceeded to trial before a jury, which found petitioner guilty on seven of the aggravated robbery counts, as well as the attached firearm specifications. (*Id.,* Ex. 3). On December 8, 2003, petitioner was sentenced to an aggregate prison term of twenty-four (24) years, which consisted of consecutive three (3) year prison terms for each aggravated robbery offense and the merged, concurrent firearm specifications. (*Id.,* Ex. 4).

With the assistance of new counsel for appeal purposes, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, raising four assignments of error, which included the following claims:

> 1. Hobbs was denied the effective assistance of counsel when trial counsel failed to object to the prejudicial joinder of Hobbs's case with that of a co-defendant, failed to file a motion to suppress identification evidence, failed to offer evidence refuting the testimony of a co-defendant, and failed to renew a Crim.R. 29 motion at the close of all of the evidence.
>
> 2. The judgments of conviction are contrary to law and to the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, in that there was insufficient evidence adduced to establish each and every element of the offenses beyond a reasonable doubt.
>
> 3. The trial court erred when it imposed consecutive sentences without following the sentencing guidelines.

(*Id.,* Exs. 7-8).

---

[3] The state appellate court's factual finding is presumed correct under 28 U.S.C. § 2254(e)(1), which provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct" unless petitioner rebuts the presumption by "clear and convincing evidence." No such showing has been made by petitioner in this case.

On October 12, 2005, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. 10).

With the assistance of new counsel from the Ohio Public Defender's Office, petitioner pursued a timely appeal to the Ohio Supreme Court; in his memorandum in support of jurisdiction, he presented the following propositions of law:

1. A trial court must clearly align its reasons with its findings when imposing consecutive sentences.

2. Appellate counsel is ineffective when he fails to argue that trial court erred by imposing consecutive prison terms on the defendant without appropriate findings by the jury.

3. A trial court that imposes consecutive prison sentences by using factors which are not found by a jury or admitted by the defendant violates the defendant's rights to due process and a jury trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

(*Id.,* Exs. 11-12).

The Ohio Supreme Court accepted the appeal for consideration of petitioner's second and third propositions of law. (*Id.,* Ex. 14). On May 3, 2006, the court *sua sponte* dismissed the appeal based on the ineffective assistance by appellate counsel claim alleged in the second proposition of law "as having been improvidently granted;" as to the third proposition of law, the court reversed the court of appeals' judgment "on authority of *State v. Foster*, [845 N.E.2d 470 (Ohio 2006)]." (*Id.,* Ex. 15).[4]

---

[4]It is noted that while pursuing relief in the direct review proceedings before the Ohio Supreme Court, counsel from the Ohio Public Defender's Office also pursued another avenue of relief on petitioner's behalf by filing an application under Ohio R. App. P. 26(B) for reopening of the direct appeal with the Ohio Court of Appeals, First Appellate District. (*See* Doc. 9, Ex. 16). In the application, counsel alleged the same ineffective assistance of appellate counsel claim that was raised to the Ohio Supreme Court in the second proposition of law. (*See id.,* p. 4). The Ohio Court of Appeals ultimately denied the reopening application on the ground that petitioner had "successfully presented this challenge in his appeal to the Ohio Supreme Court," and therefore, "res judicata precludes reopening this appeal on the proposed basis." (*Id.,* Ex. 18).

3

The matter was remanded to the trial court for resentencing in accordance with the Ohio Supreme Court's decision sustaining petitioner's claim challenging his original sentence on the authority of *Foster*. On August 29, 2007, petitioner was resentenced "nunc pro tunc 12/08/03" to the same aggregate prison term of twenty-four (24) years. (*Id.*, Ex. 22). Petitioner appealed that decision to the Ohio Court of Appeals, First Appellate District, with the assistance of yet another new attorney. (*See id.*, Ex. 23). Petitioner alleged on appeal as the sole assignment of error that the new sentence imposed in accordance with *Foster* violated his rights under the Ex Post Facto and Due Process Clauses of the United States and Ohio Constitutions. (*Id.*, Ex. 24). On May 21, 2008, the Ohio Court of Appeals overruled the assignment of error and affirmed the trial court's judgment. (*Id.*, Ex. 26). Petitioner attempted a further appeal to the Ohio Supreme Court, which denied leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question" on October 31, 2008. (*Id.*, Ex. 30).[5]

Petitioner commenced the instant federal habeas action in October 2009, within a year after the resentencing decision was upheld by the Ohio appellate courts. He alleges three grounds for relief:

> **Ground One:** A trial court that imposes consecutive sentences by using factors which are not found by a jury or admitted by the defendant violates the defendant's rights to due process and a jury trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, [as well as the prohibition against] Ex Post Facto Laws.
>
> **Ground Two:** Ineffective Assistance of Trial Counsel.
>
> **Supporting Facts:** ...Counsel was ineffective when he failed to object to prejudicial joinder of his case with that of a co-defendant[;] [f]ailed to file a motion to sup[p]ress identification evidence[;] failed to offer

---

[5]It is noted that in July 2007, before he was resentenced, petitioner filed a *pro se* petition for post-conviction relief with the trial court, claiming an "Unnecessary Delay in Re-Sentencing" which amounted to a violation of his rights to a "fast and speedy trial." (Doc. 9, Ex. 19). The trial court denied the petition as untimely on August 21, 2007. (*Id.*, Ex. 21). Petitioner did not pursue an appeal from that decision; nor does he assert any claim in the instant action that he was denied his constitutional right to a speedy trial.

4

evidence refuting the testimony of a co-defendant[;] [f]ailed to renew a Crim.R. 29 motion at the end of trial.

**Ground Three:** Insufficient Evidence claim.

(Doc. 1, pp. 5, 7, 8).

In response to the petition, respondent has filed a motion to dismiss. (Doc. 9). Respondent contends that petitioner has waived the claims alleged in Grounds Two and Three, because he failed to present them to the Ohio Supreme Court for consideration. (*Id.*, Brief, pp. 10-14). In addition, respondent argues that petitioner's claim in Ground One challenging the imposition of consecutives sentences "is not a matter of federal constitutional concern" and, therefore, is not a cognizable ground for federal habeas relief. (*Id.*, pp. 14-16).

## OPINION

### A. Grounds Two And Three Should Be Dismissed With Prejudice As Waived

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). The claims must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present a claim through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default relied on to preclude review of the merits of such claim by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue the claim in the state courts, the claim for habeas corpus relief is subject to dismissal with prejudice on the ground that it is waived. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,*

5

763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had a claim considered by the state's highest court and he can no longer present the claim to the state courts, he has waived such claim for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error, or that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In this case, as respondent has argued, petitioner procedurally defaulted the claims alleged in Grounds Two and Three of the petition because he never presented them to the Ohio Supreme Court for consideration. Although the claims were presented as assignments of error on direct appeal to the Ohio Court of Appeals, petitioner did not re-assert them on further appeal to the Ohio Supreme Court, but instead chose to focus solely on errors relating to the trial court's sentencing decision. (*See* Doc. 9, Exs. 8, 12). By thus failing to provide the state's highest court with the opportunity to correct the alleged errors, petitioner has waived the two grounds for relief unless he can show cause and prejudice for his default or that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750; *Murray*, 477 U.S. at 485; *Engle*, 456 U.S. at 129; *Sykes*, 433 U.S. at 87.

Petitioner has not shown a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not considered, or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray*, 477 U.S. at 495-96; *see also Schlup v. Delo*, 513 U.S. 298, 327 (1995). Although petitioner has claimed that the evidence presented at trial is insufficient to support his convictions, establishing actual innocence requires a showing of factual innocence, not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *Hampton v. United States*, 191 F.3d 695, 703 (6th Cir. 1999).

Petitioner also has not demonstrated "cause" for his procedural default in the state courts. He has not provided any explanation for his failure to present the claims to the Ohio Supreme Court on appeal from the Ohio Court of Appeals' decision overruling the assignments of error raised on direct appeal. Nor is petitioner able to establish cause to the extent he may seek to argue that the attorney who assisted him in the discretionary appeal to the Ohio Supreme Court was ineffective in failing to re-assert all claims that had been presented below to the Ohio Court of Appeals. As an

initial matter, petitioner cannot rely on such an argument at this juncture because he never raised it to the Ohio courts for consideration. Although it is well-settled that counsel's ineffectiveness may amount to "cause" for a procedural default, cause cannot be established if the claim of ineffectiveness was itself procedurally defaulted. *See Murray,* 477 U.S. at 488-89; *see also Edwards v. Carpenter,* 529 U.S. 446, 451-53 (2000); *Burroughs v. Makowski,* 411 F.3d 665, 667-68 (6th Cir.) (*per curiam*), *cert. denied,* 546 U.S. 1017 (2005).

In any event, the argument is unavailing because attorney error amounting to ineffective assistance cannot constitute cause "where the error caused a petitioner to default in a proceeding in which the petitioner was not constitutionally entitled to counsel, including a discretionary appeal." *Tanner v. Jeffreys,* 516 F.Supp.2d 909, 916 (N.D. Ohio 2007) (quoting *Barkley v. Konteh,* 240 F.Supp.2d 708, 714 (N.D. Ohio 2002), in turn citing *Coleman,* 501 U.S. at 751-53); *see also Pennsylvania v. Finley,* 481 U.S. 551, 556 (1987); *Wainwright v. Torna,* 455 U.S. 586, 587-88 (1982); *Ross v. Moffitt,* 417 U.S. 600, 616 (1974); *Hernandez v. Greiner,* 414 F.3d 266, 269-70 (2nd Cir. 2005) (relying in part on *Halbert v. Michigan,* 545 U.S. 605, 619-20 (2005), which distinguished between a first-tier appeal and a second-level discretionary appeal, in concluding that "the existence of a constitutional right to counsel on a second-level appeal is in doubt; the existence of the right on a *discretionary* second-level appeal is still further in doubt; and it is only slightly less doubtful that the right exists as to a second-level appeal available to a litigant after judicial discretion has been exercised to permit such an appeal") (emphasis in original); *Anderson v. Cowan,* 227 F.3d 893, 900-01 (7th Cir. 2000).[6]

---

[6]*Cf. Garrett v. Moore,* No. C-1-05-102, 2007 WL 315093, at *1, *5 (S.D. Ohio Jan. 30, 2007) (Weber, S.J.; Hogan, M.J.) (unpublished) (holding that because the right to effective assistance of counsel does not extend beyond the first appeal as of right to a discretionary appeal, petitioner was unable to establish that the ineffectiveness of his counsel, who represented him on discretionary appeal to the Ohio Supreme Court, in failing to assert all the claims of error that had been raised to the Ohio Court of Appeals, constituted cause for his procedural default); *Whittsette v. Gansheimer,* No. 1:08cv245, 2008 WL 4682656, at *3-4, *9-11 (N.D. Ohio Oct. 22, 2008) (unpublished) (same); *Wright v. Bobby,* No. 1:05cv02870, 2008 WL 2484170, at *1, *17-18 (N.D. Ohio June 17, 2008) (unpublished) (same). *Contrast Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 433-35 (6th Cir. 2006) (holding that the constitutional right to effective assistance of counsel during a direct appeal as of right does "not terminate the moment the court of appeals hands down its decision," but extends to include the duty of informing one's client of the outcome of the proceeding).

Accordingly, in sum, in the absence of a showing of cause or a fundamental miscarriage of justice, the Court concludes that petitioner has waived the claims alleged in Grounds Two and Three of the petition as a result of his procedural default in the state courts. Respondent's motion to dismiss the two grounds for relief with prejudice as waived (Doc. 9) should be **GRANTED**.

### B. The Claim In Ground One Challenging The Consecutive Sentences Imposed In This Case Should Be Dismissed Because Petitioner's Allegations Do Not State A Constitutional Claim Subject To Review In This Proceeding

In Ground One of the petition, petitioner challenges the trial court's decisions to impose consecutive sentences in this case. He essentially alleges that he is entitled to relief because (1) under *Blakely v. Washington,* 542 U.S. 296 (2004), his Sixth Amendment jury trial right was violated when the trial court originally sentenced him to consecutive prison terms in 2003 based on factors that were not found by a jury or admitted by him, in accordance with statutory provisions that the Ohio Supreme Court later determined in *Foster* were unconstitutional in light of *Blakely*; and (2) his rights under the Constitution's Ex Post Facto Clause were violated when, upon remand for resentencing in light of *Foster*, the trial court re-imposed the same consecutive prison terms in accordance with the remedy enunciated in *Foster* for curing the purported constitutional infirmity. (*See* Doc. 1, p. 5).

As respondent has argued in the motion to dismiss, petitioner's allegations fail to implicate cognizable constitutional concerns that may be redressed in this federal habeas proceeding.[7] (*See* Doc. 9, pp. 14-15). Since *Foster* was decided, the Supreme Court has made it clear that consecutive sentencing decisions do not implicate Sixth Amendment *Blakely* concerns. *Oregon v. Ice*, 129 S.Ct. 711, 717-20 (2009). Moreover, as the Sixth Circuit recently explained in applying *Ice* in an analogous case, where the petitioner similarly claimed that the re-imposition of consecutive sentences on re-sentencing pursuant to *Foster* amounted to a violation of the Ex Post Facto Clause:

---

[7]The Court lacks jurisdiction to consider any claim of error under state-law in sentencing petitioner to consecutive prison terms, because the federal habeas court has jurisdiction to review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions").

> Regardless of the court's determination in *Foster,* the maximum sentence to which [petitioner] was constitutionally subject contemplated consecutive sentences.... [Petitioner] was initially and constitutionally subject to consecutive sentneces according to the "guided discretion" of the court.... On re-sentencing post-*Foster*[,] he remained subject to consecutive sentences within the discretion of the court. Since [petitioner] was *always* subject to consecutive rather than concurrent sentences in the discretion of the trial court, his re-sentencing under *Foster* did not raise ex post facto or due process concerns.

*Hooks v. Sheets,* 603 F.3d 316, 321 (6th Cir. 2010) (emphasis in original).

In any event, petitioner is unable to prevail on any claim that application of the *Foster* remedy on resentencing violated federal ex post facto principles. The argument, which has been raised in a variety of contexts, has been thoroughly addressed and universally rejected by the federal and state courts in Ohio. *See, e.g., Sieng v. Wolfe,* No. 2:08cv44, 2010 WL 2232384, at *15 (S.D. Ohio June 2, 2010) (Watson, J.) (unpublished) (and cases cited therein); *Ashley v. Gansheimer,* No. 1:08cv2556, 2010 WL 1924459, at *3-5 (N.D. Ohio May 12, 2010) (O'Malley, J.) (unpublished) (and cases cited therein); *Hatfield v. Warden, Ross Corr. Inst.,* No. 2:08cv1152, 2010 WL 2196282, at *8 (S.D. Ohio May 3, 2010) (unpublished Report & Recommendation) (and cases cited therein), *adopted,* 2010 WL 2196273 (S.D. Ohio May 28, 2010) (Holschuh, J.) (unpublished); *Hooks v. Sheets,* No. 1:07cv520, 2008 WL 4533693, at *3-5, *13-19 (S.D. Ohio Oct. 3, 2008) (Beckwith, C.J.; Hogan, M.J.) (unpublished) (and cases cited therein), *aff'd,* 603 F.3d 316 (6th Cir. 2010); *see also Wright v. Lazaroff,* 643 F.Supp.2d 971, 979, 1001-05 (S.D. Ohio 2009) (Barrett, J.; Hogan, M.J.) (and cases cited and quoted therein); *Smith v. Brunsman,* 626 F.Supp.2d 786, 788, 792-95 (S.D. Ohio 2009) (Barrett, J.; Black, M.J.) (noting that "both the federal district courts and Ohio courts have rejected *ex post facto* challenges to the *Foster* decision"); *Kelley v. Brunsman,* 625 F.Supp.2d 586, 594, 605-08 (S.D. Ohio 2009) (Spiegel, S.J.; Hogan, M.J.); *Rettig v. Jefferys,* 557 F.Supp.2d 830, 841 (N.D. Ohio 2008) (Polster, J.; McHargh, M.J.) (citing Ohio cases "uniformly reject[ing] *ex post facto* challenges to the *Foster* decision"); *Smith v. Welch,* No. 3:08cv2917, 2009 WL 2167863, at *1-3, *13-16 (N.D. Ohio July 17, 2009) (Economus, J.; Vecchiarelli, M.J.) (unpublished); *Schaub v. Brunsman,* No. 1:08cv2522, 2009 WL 2143746 (N.D. Ohio July 16, 2009) (Boyko, J.: Perelman, M.J.) (unpublished); *Mason v. Brunsman,* No. 1:07cv1020, 2009 WL 2169035, at *8-9, *34-37 (S.D. Ohio July 16, 2009) (Spiegel, S.J.; Black, M.J.) (unpublished); *Clagg v. Wolfe,* No. 2:08cv144, 2009 WL

9

1424427, at *1-6 (S.D. Ohio May 20, 2009) (Sargus, J.) (unpublished); *Pena v. Cooper,* No. 2:08cv195, 2009 WL 1324046, at *1, *16-19 (S.D. Ohio May 12, 2009) (Smith, J.; Abel, M.J.) (unpublished); *Newman v. Wilson,* No. 5:08cv483, 2009 WL 1212262, at *1, *11-12 (N.D. Ohio Apr. 30, 2009) (Oliver, J.; Perelman, M.J.) (unpublished) (and cases cited therein); *Trewartha v. Brunsman,* No. 2:07cv981, 2009 WL 614963, at *1, *10-13 (S.D. Ohio Mar. 5, 2009) (Holschuh, J.; Abel, M.J.) (unpublished); *Haning v. Wolfe,* No. 2:07cv1093, 2009 WL 541156, at *1, *3-5 (S.D. Ohio Feb. 27, 2009) (Watson, J.; Abel, M.J.) (unpublished) (and cases cited therein).[8]

The same reasoning contained in these numerous decisions unanimously rejecting *ex post facto* challenges to *Foster* applies to the case-at-hand. *Foster* did not change the elements of the offenses that petitioner was convicted of committing, and petitioner faced the same penalty ranges in sentences for those offenses both before *Foster* (when he committed the offenses) and after *Foster*. *Cf. McGhee v. Konteh,* No. 1:07cv1408, 2008 WL 320763, at *11 (N.D. Ohio Feb. 1, 2008) (unpublished).

Accordingly, in sum, the Court concludes that respondent's motion to dismiss Ground One with prejudice because petitioner's allegations fail to state a cognizable claim for federal habeas relief (Doc. 9) should be **GRANTED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss the petition (Doc. 9) be **GRANTED,** and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in Grounds Two and Three of the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85

---

[8]*Cf. Collins v. Warden, Chillicothe Corr. Inst.,* No. 3:06cv256, 2008 WL 728390, at *1, *8-9 (S.D. Ohio Mar. 17, 2008) (Rice, J.; Merz, M.J.) (unpublished) (holding that "[w]hile Petitioner's original sentence violated *Blakely,* his new sentence [under the *Booker* remedy adopted in *Foster*] did not," and that "[n]othing in the United States Constitution calls such a sentence into question").

(2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[9] A certificate of appealability also should not issue with respect to the claim alleged in Ground One of the petition, which was addressed on the merits herein, in the absence of a substantial showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." *See Slack,* 529 U.S. at 475 (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 10/1/10

cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2010 habeas orders\09-725grant-mtd.waiv-OhSCt-nocause-IAACdiscrapp.consecsentencing-noncogniz.wpd

---

[9] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the procedurally-defaulted grounds for relief. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Donte L. Hobbs,
    Petitioner

vs

Case No. 1:09cv725
(Spiegel, S.J.; Hogan, M.J.)

Warden, Warren Correctional
Institution,
    Respondents

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Donte L. Hobbs 459-451
Warren Corr. Inst.
PO Box 120
State Route 63
Lebanon OH 45036

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☑ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)
7002 3150 0000 8389 8923

PS Form 3811, August 2001 — Domestic Return Receipt — 102595-02-M-1540

1:09cv725 (Doc. 15)